IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| TWANYA BRADEN, | § § § § § § § § § § § § § | |
| Plaintiff, | | |
| v. | | Civil Action No. 4:18-cv-00592-O |
| ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, | | |
| Defendant. | | |

## MEMORANDUM OPINION AND ORDER

Before the Court are Defendant's Motion for Summary Judgment (ECF No. 21), filed November 5, 2018; Plaintiff's Response (ECF No. 26), and Defendant's Reply (ECF No. 27). Having considered the motion, briefing, and applicable law, the Court finds that Defendant's Motion for Summary Judgment (ECF No. 21) should be and is hereby **GRANTED.**

**I.   BACKGROUND**

Unless otherwise noted, the following facts are undisputed.[1] Defendant Allstate Vehicle and Property Insurance Company insured Plaintiff Twanya Braden's house under a "Homeowners Policy" for approximately $289,197 for the Dwelling, with Other Structure Protection up to $57,840, Personal Property up to $115,679, and the deductible of $5,784. On or about January 16, 2017, Plaintiff reported a claim to Allstate for hail and windstorm damage to her house from a weather event occurring on January 15, 2017. Allstate first inspected the property on January 31,

---

[1] *See* Br. Supp. Def.'s Mot. Summ. J., ECF No. 22; Pl.'s Resp., ECF No. 25.

1

2017. It prepared an estimate of the damage in the amount of $1,087.48, replacement cost value ("RCV"). The repair cost fell below Plaintiff's deductible of $5,784, so Allstate did not issue a payment to Plaintiff.

On April 13, 2018, Allstate received a statutory notice letter from Plaintiff. On June 15, 2018, Allstate performed a second inspection of the home. After the inspection, Allstate prepared an estimate of the damage in the amount of $8,619.77, RCV. On June 18, 2018, Allstate sent a letter to the Plaintiff explaining its findings, the estimate, and recoverable depreciation. On June 22, 2018, Plaintiff filed a lawsuit against Allstate.

Plaintiff sued Defendant in state court for breach of contract, failure to comply with Chapter 542 of the Texas Insurance Code, and bad faith. *See* Not. Removal, Ex. A (Or. Pet.) ECF No. 1. Allstate removed this case to Federal Court on July 20, 2018. On July 27, 2018, Allstate invoked the appraisal process and designated Tucker Patch as the appraiser. On July 2, 2018 (sic), Plaintiff responded to the appraisal demand and appointed Earl Stigler the appraiser. The appraisers designated Elvis Spoon as umpire.

On or about September 25, 2018, Allstate received an appraisal award signed by appraisers Patch and Stigler, setting the appraised RCV at $9,005.92 and the actual cash value at $5,141.07. On September 28, 2018, Allstate tendered a letter to Plaintiff through her counsel, explaining that Allstate had sent Plaintiff a check with payment of the appraisal award for the RCV (less the deductible of $5,783.00 and prior payments of $2,323.45) in the amount of $899.47.

Defendant now moves for summary judgment and the motion is ripe for review. Def.'s Mot. Summ. J., ECF No. 21.

## II. LEGAL STANDARD

Summary judgment is proper when the pleadings and evidence show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The movant makes a showing that there is no genuine issue of material fact by informing the court of the basis of its motion and by identifying the portions of the record that reveal there are no genuine material fact issues. *See* FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

When reviewing the evidence on a motion for summary judgment, the court must resolve all reasonable doubts and draw all inferences in the light most favorable to the non-movant. *See Walker v. Sears, Roebuck & Co.*, 853 F.2d 355, 358 (5th Cir. 1988). The court cannot make a credibility determination in light of conflicting evidence or competing inferences. *Anderson*, 477 U.S. at 255. As long as there appears to be some support for the disputed allegations—such that "reasonable minds could differ as to the import of the evidence"—the court must deny the motion for summary judgment. *Id.* at 250.

## III. ANALYSIS

Defendant moves for summary judgment, arguing there is no genuine issue of material fact and no evidence to support one or more elements of Plaintiff's claims for (1) breach of contract; (2) Prompt Payment of Claims Statute; (3) bad faith; and (4) knowledge. *See* Br. Supp. Def.'s Mot. Summ. J. 4, ECF No. 22. More specifically, Defendant argues that it has fulfilled its obligations to Plaintiff as a matter of law, and that Plaintiff can produce no evidence that Defendant breached

the contract or that Plaintiff suffered any independent injury that would give rise to any extra-contractual claims. *See id.*

### A. Appraisal Award

Texas courts have repeatedly rejected breach of contract claims when an insurer timely paid an appraisal award. *See, e.g.*, *Quibodeaux v. Nautilus Ins. Co.*, 655 F. App'x. 984, 986–87 (5th Cir. 2016); *Blum's Furniture Co. v. Certain Underwriters at Lloyds London*, 459 F. App'x. 366, 368–69 (5th Cir. 2012); *Nat'l Sec. Fire & Cas. Co. v. Hurst*, 523 S.W.3d 840, at *844–47, 2017 WL 2258243, at *3–4 (Tex. App.—Houston [14th Dist.] 2017, no pet. h.); *Garcia v. State Farm Lloyds*, 514 S.W.3d 257, 273–74 (Tex. App.—San Antonio 2016, pet. denied). "[A]ppraisal awards made pursuant to the provisions of an insurance contract are binding and enforceable, and every reasonable presumption will be indulged to sustain an appraisal award." *Franco v. Slavonic Mut. Fire Ins. Ass'n*, 154 S.W.3d 777, 786 (Tex. App.—Houston [14th Dist.] 2004, no pet.). Courts will disregard the award only if the insured shows that the award was (1) made without authority, (2) the result of fraud, accident, or mistake, or (3) not in substantial compliance with the insurance policy. *Meisenheimer v. Safeco Ins. Co. of Indiana*, 3:17-CV-2153-M, 2018 WL 3869573, at *2 (N.D. Tex. Aug. 15, 2018).

"The effect of an appraisal provision is to estop one party from contesting the issue of damages in a suit on the insurance contract, leaving only the question of liability for the court." *TMM Invs., Ltd. v. Ohio Cas. Ins. Co.*, 730 F.3d 466, 472 (5th Cir. 2013) (quoting *Lundstrom v. United Servs. Auto. Ass'n*, 192 S.W.3d 78, 87 (Tex. App.—Houston [14th Dist.] 2006, pet. denied)). "Generally, tender of the full amount owed pursuant to the conditions of an appraisal clause is all that is required to estop the insured from raising a breach of contract claim." *Hurst*, 523 S.W.3d at *844–47; *See also United Neurology, P.A. v. Hartford Lloyd's Ins. Co.*, 101 F.

4

Supp. 3d 584, 619 (S.D. Tex.), *aff'd*, 624 F. App'x 225 (5th Cir. 2015). By payment of the full amount of an appraisal award, the insurer "complie[s] with every requirement of the contract, [and] it cannot be found to be in breach." *Breshears v. State Farm Lloyds*, 155 S.W.3d 340, 344 (Tex. App.—Corpus Christi 2004, pet. denied).; *see also Caso v. Allstate Tex. Lloyds*, No. 7:12-CV-478, 2014 WL 528192, at *6 (S.D. Tex. Feb. 7, 2014).

In this case, Defendant argues that under the appraisal provision in Plaintiff's Homeowner's Policy, the parties agreed that an appraisal would set the amount of loss—the amount of all potentially recoverable policy benefits. Br. Supp. Def.'s Mot. Summ. J. 5, ECF No. 22. Attached to Defendant's Motion for Summary Judgment is an affidavit from its adjuster Steven Mielke who testifies that Allstate sent a letter to Braden's counsel in June 2018 with an attached check for $2,323.45. Def.'s App. Supp. Mot. Summ. J. Ex. B (Mielke's Affiavit), App. 64–68, ECF No. 23. Mielke also testifies that Allstate mailed a check on September 28, 2018, Check No. 115624373 in the amount of $899.47. *Id.* at ¶¶ 9, 12–13. Defendant also attaches a September 28, 2018 letter from its counsel, stating that a separate check would be sent to Plaintiff's counsel. Def.'s App. Supp. Mot. Summ. J. Ex. B-9 (Allstate's letter), App. 132-135, ECF No. 23. Finally, Defendant attaches a copy of a payment summary sheet. Def.'s App. Supp. Mot. Summ. J. Ex. B-10 (Allstate's payment summary sheet), App. 136–138, ECF No.23. Defendant argues that because it has paid the appraisal award, it has not breached the contract and does not owe Plaintiff additional policy benefits. Br. Supp. Def.'s Mot. Summ. J. 7, ECF No. 22.

In response, Plaintiff argues that Allstate offers no admissible evidence showing it paid the appraisal award of $899.47 or that it made a payment of $2,323.45 to Braden following its June 2018 pre-suit inspection. Pl.'s Resp. 5, ECF No. 25. Plaintiff objects to Defendant's exhibits to the extent Defendant purports to establish that Allstate timely paid Plaintiff—arguing the exhibits are

5

hearsay and violate the best evidence rule. *Id*. Additionally, Plaintiff emphasizes that the payment summary only shows the date two checks were allegedly *issued*—not the date the checks were actually sent. *Id*. Finally, Plaintiff contends that Allstate fails to offer any evidence that the checks were received or cashed by Plaintiff. *Id*. And without summary judgment evidence of the date the check was sent or received, Plaintiff argues Allstate cannot establish that the payment was timely under the Policy's loss payment provision. *Id*.

1. **Evidentiary Objections**

As a threshold matter, the Court addresses Plaintiff's hearsay objections. At the summary judgment stage, evidence need not be authenticated or otherwise presented in an admissible form. *See* Fed. R. Civ. P. 56(c); *Lee v. Offshore Logistical & Transp., LLC*, 859 F.3d 353, 355 (5th Cir. 2017). "[M]aterials cited to support or dispute a fact need only be *capable* of being 'presented in a form that would be admissible in evidence.'" *LSR Consulting, LLC*, 835 F.3d at 534 (quoting Fed. R. Civ. P. 56(c)(2)). "This flexibility allows the court to consider the evidence that would likely be admitted at trial—as summary judgment is trying to determine if the evidence admitted at trial would allow a jury to find in favor of the nonmovant—without imposing on parties the time and expense it takes to authenticate everything in the record." *Maurer v. Indep. Town*, 870 F.3d 380, 384 (5th Cir. 2017).

Here, Defendant's affidavit demonstrates that the objected to exhibits are capable of being presented at trial under the business records exception. *See* FED. R. EVID. 803(6). The affidavit certifies that the attached exhibits are:

> "true and correct copies of Allstate business records which were either made by, or from information transmitted by persons with knowledge of the events or conditions recorded therein, and the entries were made at or near the time of the events and conditions recorded. It is in the regular course of Allstate's business to make and to retain these types of documents."

Def.'s App. Supp. Mot. Summ. J. Ex. B (Mielke's Affiavit), App. 64–68, ECF No. 23. Therefore, the Court **OVERRULES** Plaintiff's hearsay objections with respect to the motion for summary judgment.

Turning to the best-evidence rule, Plaintiff argues that the best evidence of the payment and timeliness of the payment are the checks themselves. Pl.'s Resp. 5, ECF No. 26. Plaintiff argues that the payment summary only shows the date two checks were allegedly *issued*—not the date the checks were sent. Pl.'s Resp. 6, ECF No. 26. Federal Rule of Evidence 1002, commonly called the "best evidence rule," provides "[t]o prove the content of a writing, recording, or photograph, the original writing, recording, or photograph is required, except as otherwise provided in these rules or by Act of Congress." FED. R. EVID. 1002. The rule applies in cases "where the pertinent substantive law treats the *contents* of a writing, recording or photograph as indispensable to prove a case or establish a defense or accords such contents a primary significance." WRIGHT & GOLD, FEDERAL PRACTICE AND PROCEDURE § 7184 (2000).

Here, the best evidence rule does not apply because the contents of the check are not indispensable to prove the case or establish a defense. Pertinent evidence in this case would show that Allstate issued a check to Plaintiff, which Defendant has provided through its business records and affidavit testimony. Additionally, the original check or a copy of the check would not establish or prove that the check was *actually* sent or the *actual* date that the check was sent. Therefore, the Court **OVERRULES** Plaintiff's best-evidence objection.

**B.     Breach of Contract Claims**

The summary judgment evidence in this case shows there is a binding and enforceable appraisal award, that both parties appointed appraisers, and that both parties agreed upon an appraisal. After the appraisal award was set, Defendant paid the appraisal award to Plaintiff.

7

Through affidavit testimony, Steven Mielke, states that Allstate mailed Check No. 115624373 in the amount of $899.47 on September 28, 2018. Def.'s App. Supp. Mot. Summ. J. Ex. B (Mielke's Affiavit) ¶¶ 9, 12-13, App. 64–68, ECF No. 23. Additionally, Defendant provides a copy of Allstate's financial log payment summary sheet with the check number, issue date, and Plaintiff's address. Def.'s App. Supp. Mot. Summ. J. Ex. B-10 (Allstate's payment summary sheet), App. 136–138, ECF No. 23. Plaintiff fails to provide any summary judgment evidence to controvert this evidence.

Also, Plaintiff has not provided the Court with any reason to disregard the award. *See Meisenheimer*, 2018 WL 3869573, at *2. Plaintiff instead argues that that Defendant does not provide evidence that the checks were received or cashed by Plaintiff. Pl.'s Resp. 6, ECF No. 26. However, Defendant need not show that the Plaintiff received or cashed the payments. *See Hurst*, 523 S.W.3d at *844–47 ("acceptance of the payment is not a necessary condition for estoppel.") "[S]o long as there is a binding and enforceable appraisal award and the insurer timely and full[y] pays the resulting award, estoppel should apply regardless of whether the insured actually accepts payment." *Devonshire Real Estate & Asset Mgmt., LP v. Am. Ins. Co.*, No. 2014 WL 4796967, at *16 (N.D. Tex. Sept. 26, 2014).

Here, Defendant paid the appraisal award and Plaintiff received the full extent of all recoverable benefits under the Homeowners Policy. Therefore, Defendant fulfilled its contractual obligations. The Court finds that there is no breach of contract claim and no right to additional policy benefits. *See Breshears*, 155 S.W.3d at 344; *Devonshire Real Estate & Asset Mgmt., LP*, No. 2014 WL 4796967, at *16. Thus, Defendant is entitled to summary judgment on Plaintiff's breach of contract claim.

### C. Texas Prompt Payment of Claims Act

Defendant moves for summary judgment on Plaintiff's claim for alleged violations of Chapter 542 of the Texas Insurance Code—also known as the Texas Prompt Payment of Claims Act (TPPCA). Br. Supp. Def.'s Mot. Summ. J. 11, ECF No. 22. Under the TPPCA, there is no cause of action "for any delay in payment between an initial payment and the insurer's timely payment of an appraisal award." *Mainali Corp. v. Covington Specialty Ins. Co.*, 872 F.3d 255, 259 (5th Cir. 2017) (quoting *Quibodeaux*, 655 F. App'x at 988).

Allstate provides evidence that it received the appraisal award on September 25, 2018 and issued payment of the award on September 29, 2018—within four days of receiving the award. Br. Supp. Def.'s Mot. Summ. J. 7, ECF No. 22. Plaintiff does not provide any evidence showing otherwise. Therefore, Plaintiff raises no genuine issue of material fact that Allstate issued Plaintiff payment of the appraisal within five business days, as required by the TPPCA. *See* Tex. Ins. Code. 542. Thus, Defendant is entitled to summary judgment on Plaintiff's TPPCA claim.

### D. Extra-contractual Damages

Plaintiff alleges bad faith and violations of Chapter 541 of the Texas Insurance Code. *See* Not. Removal, Ex. A (Or. Pet.) ECF No. 1. Defendant argues that Plaintiff is not entitled to any extra-contractual damages because the facts giving rise Plaintiff's extra-contractual causes of action relate solely to Defendant's handling of Plaintiff's insurance claim and Plaintiff's claim for policy benefits. Br. Supp. Def.'s Mot. Summ. J. 7, ECF No. 22. Further, Defendant argues that Plaintiff has failed to introduce any evidence of (1) an "extreme act" by Allstate that resulted in an injury to Plaintiff independent of the policy claim; or (2) a failure by Allstate to timely investigate Plaintiff's claim. *Id*. Finally, Defendant argues that Plaintiff's alleged misrepresentations are not actionable as a matter of law. Br. Supp. Def.'s Mot. Summ. J. 10, ECF No. 22.

Chapter 541 of the Texas Insurance Code prohibits insurers from engaging in various "unfair or deceptive acts or practices." TEX. INS. CODE §§ 541.051-.061. Damages for Texas Insurance Code violations are a creature of statute, thus, they are "extra-contractual" in nature. *Lyda Swinerton Builders, Inc. v. Okla. Sur. Co.*, 903 F.3d 435, 452 (5th Cir. 2018); *USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 489 (Tex. 2018) ("An insured's claim for breach of an insurance contract is 'distinct' and 'independent' from claims that the insurer violated its extra-contractual common-law and statutory duties. . . A claim for breach of the policy is a 'contract cause of action,' while a common-law or statutory bad faith claim 'is a cause of action that sounds in tort.'" (citations omitted)).

In *Menchaca*, the Texas Supreme Court clarified the "relationship between contract claims under an insurance policy and tort claims under the Insurance Code," by laying out several rules. *Menchaca*, 545 S.W.3d at 490. "The general rule is that an insured cannot recover policy benefits for an insurer's statutory violation if the insured does not have a right to those benefits under the policy." *Id*. This rule derives from the fact that the Insurance Code only allows an insured to recover actual damages "caused by" the insurer's statutory violation. *See id*; TEX. INS. CODE § 541.151. Under Texas law, [w]hen an insured seeks to recover damages that 'are predicated on,' 'flow from,' or 'stem from' policy benefits, the general rule applies and precludes recovery unless the policy entitles the insured to those benefits." *Menchaca*, 545 S.W.3d at 500. Additionally, under the traditional independent-injury rule an "insured cannot recover any damages based on an insurer's statutory violation if the insured had no right to receive benefits under the policy and sustained no injury independent of a right to benefits." *Id*. at 485.

But the Fifth Circuit recently explained that "*Menchaca* repudiated the independent-injury rule, clarifying instead that an insured who establishes a right to receive benefits under an insurance

policy can recover those benefits as 'actual damages' under the statute if the insurer's statutory violation causes the loss of benefits." *Aldous v. Darwin v. Nat'l Assurance Co.*, 889 F.3d 798, 799 (5th Cir. 2018) (citations omitted). Put differently, "the independent-injury rule does not restrict the damages an insured can recover . . ." *Lyda Swinerton Builders, Inc.*, 903 F.3d at 452. Rather, the independent-injury rule "limits the recovery of *other* damages that "flow" or "stem" from a mere denial of policy benefits." *Id*.

Here, Plaintiff had a right to policy benefits, and Plaintiff received those benefits when Defendant issued payment of the appraisal award. Plaintiff cannot maintain any extra-contractual claims under the Texas Insurance Code because Plaintiff's alleged injuries 'are predicated on,' 'flow from,' or 'stem from' Plaintiff's claims for policy benefits. *Menchaca*, 545 S.W.3d at 500; *See* Not. Removal, Ex. A. (Or. Pet.), ECF No. 1. Plaintiff's policy does not entitle her to extra-contractual benefits, and thus she is precluded from recovering them. *See Menchaca*, 545 S.W.3d at 500. Additionally, Plaintiff does not plead that Defendant's alleged statutory violations caused Plaintiff to lose any benefits. *See Aldous*, 889 F.3d at 799.

Finally, Plaintiff has not provided any evidence showing bad faith on the part of Defendant. *See Chavez v. State Farm Lloyds*, No. 17-40861, 2018 U.S. App. LEXIS 22629, at *9 (5th Cir. Aug. 15, 2018) (*Menchaca* "clarified when an insured who has shown bad faith can recover damages. It does not, however, change the standard for showing bad faith."); *See Higginbotham v. State Farm Mut. Auto. Ins. Co.*, 103 F.3d 456, 460 (5th Cir. 1997) ("Texas courts have clearly ruled that these extra-contractual tort claims require the same predicate for recovery as bad faith causes of action in Texas."). Here, Plaintiff merely implies that "Allstate acted in bad faith when it adjusted Braden's claim in the first instance, before [Plaintiff]' was forced to file suit." Pl.'s Resp. 6, ECF No. 25. However, Defendant provides evidence that it timely investigated the claim,

invoked the appraisal process, and timely paid the appraisal, and Plaintiff has failed to provide any evidence showing bad faith. *See State Farm Fire & Cas. Co. v. Simmons,* 963 S.W.2d 42, 44 (Tex.1998) ("Evidence establishing only a bona fide coverage dispute does not demonstrate bad faith.").

Accordingly, Defendant is entitled to summary judgment on each of Plaintiff's extra-contractual claims.

## IV.    CONCLUSION

For the reasons stated above, the Court finds that Defendant's Motion for Summary Judgment (ECF No. 21) should **GRANTED**. A Final Judgment will issue separately.

**SO ORDERED** on this **15th day** of **January, 2019**.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**